UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MAHMOOD DAWOOD, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>GAMER ADVANTAGE LLC,<br><br>        Defendant. | No. 2:22-cv-00562 WBS KJN<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

        Plaintiff Mahmood Dawood brought this putative class action against defendant Gamer Advantage LLC alleging fifteen claims in connection with defendant's FogAway Anti-Fog Spray ("FogAway"). (Docket No. 1.)  Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 7.)

I.    <u>Factual and Procedural Background</u>

        Defendant formulates, designs, manufactures, advertises, distributes, and sells FogAway across the United

1

States, including in California. (Compl. ¶ 1.) FogAway is supposed to prevent foggy eyeglasses, which have become a more common problem because of the use of face masks during the COVID-19 pandemic. (Id. ¶ 14.)

In approximately the summer of 2021, plaintiff purchased FogAway from a Walmart retail store in Lodi, California. (Id. ¶ 9.) Before purchasing FogAway, plaintiff "reviewed the labeling, packaging, and marketing materials" and saw the claims that FogAway is "Safe For Use."[1] (Id.) Plaintiff understood this to be a representation and warranty by defendant that FogAway is "in fact safe for use." (Id.)

The complaint alleges that FogAway contains unsafe per- and polyfluoroalkyl substances ("PFAS") which "have been shown to have a number of toxicological effects" and exposure can lead to "cancer, liver damage, decreased fertility, and increased risk of asthma and thyroid disease." (Id. ¶¶ 2-3.) Based on a study done by the Nicholas School of Environment at Duke University, FogAway allegedly exposes consumers to PFAS at levels higher than the Environmental Protection Agency health advisory limit for safe consumption and contains more PFAS than its competitors. (Id. ¶¶ 4-6, 22.)

Defendant allegedly concealed the existence of PFAS in FogAway. (Id. ¶ 40.) Plaintiff claims that if he had known about the PFAS, he would not have purchased, or would not have

---

[1] The court notes that "Safe For Use" is not the complete statement on the advertising and labeling for FogAway, as shown in the photos submitted by plaintiff in his complaint. (Compl. ¶ 19.) The implication of this difference as it relates to defendant's motion to dismiss is discussed below.

1  purchased on the same terms, FogAway.  (Id. ¶ 9.)
2          Plaintiff alleges the following claims against
3  defendant: (1) violation of California's Unfair Competition Law
4  ("UCL"), Cal. Bus. & Prof. Code § 17200; (2) violation of
5  California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ.
6  Code § 1750; (3) breach of the implied warranty under the Song-
7  Beverly Act, Cal. Civ. Code § 1790; (4) violation of California's
8  False Advertising Law, Cal. Bus. & Prof. Code § 17500; (5) fraud;
9  (6) constructive fraud; (7) fraudulent inducement; (8) money had
10 and received; (9) fraudulent concealment or omission; (10)
11 fraudulent misrepresentation; (11) negligent misrepresentation;
12 (12) quasi-contract/unjust enrichment; (13) breach of express
13 warranty; (14) violation of the Magnuson-Moss Warranty Act, 15
14 U.S.C. §§ 2301, et seq.; and (15) negligent failure to warn.
15 (See Compl.)
16 II.  Discussion
17         In his opposition, plaintiff conceded his claims for
18 money had and received and negligent failure to warn.  (Pl.'s
19 Opp'n at 23 n.4 (Docket No. 9).)  Accordingly, these claims will
20 be dismissed.
21         For the remaining claims, defendant argues that
22 plaintiff's complaint should be dismissed in its entirety
23 because: (1) the representations made by defendant about FogAway
24 are different from those the complaint alleges; (2) the complaint
25 fails to allege a causal relationship between the cost-of-
26 purchase damages and the alleged health-related dangers of
27 FogAway; (3) the class claims rely on conclusory allegations; and
28 (4) the allegations for the fraud-based claims do not satisfy

1  Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  (Def.'s Mot.
2  at 2.)  The court analyzes each argument below.
3       A.   Representations about FogAway
4            The complaint alleges that the advertisements and
5  labeling of FogAway represent the product is "Safe For Use."
6  (Compl. ¶ 9.)  However, plaintiff also submits screenshots and
7  photographs of the following actual representations on the
8  advertisements and labeling, which are: (1) "Safe to apply on all
9  lenses, devices, & screens;" (2) "Safe for use on all lenses and
10 devices;" and (3) "Safe and effective on all lens types even
11 those with anti-reflective or super hydrophobic coating."  (Id. ¶
12 19.)
13           "Dismissal is appropriate only in the 'rare situation'
14 where the 'advertisement itself made it impossible for the
15 plaintiff to prove that a reasonable consumer was likely to be
16 deceived.'"  Morales v. Unilver U.S., Inc., No. 2:13-cv-2213-WBS,
17 2014 WL 1389613, at *6 (E.D. Cal. Apr. 9, 2014) (quoting Williams
18 v. Gerber Prods. Co., 552 F.3d 934, 939 (9th Cir. 2008)).  This
19 is not that rare situation.
20           How consumers would interpret these representations is
21 a question of fact, and not a question that the court can resolve
22 at this stage.  See Zeiger v. WellPet LLC, 304 F. Supp. 3d 837,
23 852 (N.D. Cal. 2018) ("Plaintiffs have provided an actionable
24 theory why the Products are unsafe and why the labels are
25 misleading; whether plaintiffs can prove their theory is a
26 separate question that I cannot resolve at [the motion to
27 dismiss] stage.")  Accepting the allegations in the complaint as
28 true, the complaint sufficiently alleges that consumers could

4

1 interpret, and that plaintiff did interpret, these
2 representations to mean that the product was safe for use as it
3 relates to human exposure. (See Compl. ¶ 20); Ashcroft v. Iqbal,
4 556 U.S. 662, 678 (2009). Further, plaintiff's claims are also
5 based upon defendant's omissions regarding the existence of PFAS
6 in FogAway, and therefore, consumers could interpret FogAway to
7 be safe because of defendant's omissions regardless of whether
8 defendant explicitly stated FogAway is safe. (See, e.g., Compl.
9 ¶¶ 9, 39, 41-42, 44-45.) Accordingly, the complaint will not be
10 dismissed based on this argument.

    B.   Damages

12 Defendant argues that the complaint does not allege any
13 "physical harm" or "safety-related damages . . . as a result of"
14 plaintiff purchasing FogAway based on the alleged
15 misrepresentations and/or omissions. (Def.'s Mot. at 5-6.)
16 Plaintiff's alleged injury is that he "purchased, paid a premium,
17 or otherwise paid more for [FogAway] when [he] otherwise would
18 not have absent [d]efendant's misrepresentations and/or
19 omissions" -- a purely economic injury. (Compl. ¶ 45.) The
20 complaint also alleges in conclusory terms that the defendant
21 "caused injuries and other damages" but does not provide any
22 supporting factual allegations. (See id. ¶¶ 124, 145, 182, 213.)
23 Pursuant to the economic loss doctrine, "[i]n actions
24 for negligence, a manufacturer's liability is limited to damages
25 for physical injuries; no recovery is allowed for economic loss
26 alone." Aas v. Superior Ct., 24 Cal. 4th 627, 724 (2000),
27 superseded by statute on other grounds, Cal. Civ. Code §§ 895-
28 945.5. However, the economic loss doctrine does not bar fraud

5

1  and intentional misrepresentation claims when they are
2  independent of a breach of contract, and "limited to a
3  defendant's affirmative misrepresentations on which a plaintiff
4  relies and which expose plaintiff to liability for personal
5  damages independent of the plaintiff's economic loss."  See
6  Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979,
7  991, 993 (2004).
8        Neither the Ninth Circuit, in any published opinion,
9  nor the California Supreme Court has analyzed how and if the
10 economic loss doctrine applies to claims for negligent
11 misrepresentation, which "occupy the space between negligence and
12 fraud claims."  See Bret Harte Union High School Dist. v.
13 FieldTurf, USA, Inc., No. 1:16-cv-00371-DAD, 2016 WL 3519294, at
14 *5 (E.D. Cal. June 17, 2016).  Two unpublished Ninth Circuit
15 cases have suggested that negligent misrepresentation claims are
16 not barred by the economic loss doctrine.  See Hannibal Pictures,
17 Inc. v. Sonja Prods. LLC, 432 F. App'x 700, 701 (9th Cir. 2011)
18 (holding that a jury verdict in favor of a negligent
19 misrepresentation claim was not barred by the economic loss
20 doctrine); Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.,
21 315 F. App'x 603, 607 (9th Cir. 2008) ("California law classifies
22 negligent misrepresentation as a species of fraud . . . for which
23 economic loss is recoverable.")
24       District courts in California have seemingly reached
25 opposing conclusions on this issue.  See, e.g, Bret Harte, 2016
26 WL 3519294, at *5 (collecting cases with varying conclusions and
27 holding that the negligent misrepresentation claim in that case
28 sounded more in fraud and therefore was not barred by the

economic loss doctrine); Zakaria v. Gerber Prods., No. LA CV15-00200, 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015) (in a consumer class action, court held that negligent misrepresentation was not barred by the economic loss doctrine); Soil Retention Prods., Inc. v. Brentwood Indus., Inc., 521 F. Supp. 3d 929, 956 (S.D. Cal. 2021) (negligent misrepresentation claim was barred by the economic loss doctrine because the alleged misrepresentations were those made in the course of forming the contract).

It is possible that these cases may be reconcilable in that some negligent misrepresentation claims may sound more in fraud and others may sound more in negligence. In the present case, the court cannot conclude at this stage of the proceeding that plaintiff's negligent misrepresentation claim is not of the type that courts have allowed to go forward because it sounds in fraud, for which economic loss is recoverable. Therefore, the court will not dismiss the negligent misrepresentation claim.

The remainder of plaintiff's claims do allow for recovery for purely economic loss under these circumstances, and therefore, they will not be dismissed. See NuCal Foods, Inc. v. Quality Egg LLC, 918 F. Supp. 2d 1023, 1032-33 (E.D. Cal. 2013) (holding that the economic loss doctrine did not bar fraud claims based upon omissions or misrepresentations about a contaminated product); Soil Retention Prods., 521 F. Supp. 3d at 957 ("[C]laims brought under California's UCL are not subject to the economic loss doctrine.").

The complaint also sufficiently pleads "factual content that allows the court to draw the reasonable inference that"

plaintiff's economic loss was "the direct result of defendant['s] wrongful conduct." Harmoni Int'l Spice, Inc. v. Hume, 914 F. 3d 648, 654 (9th Cir. 2019); (see compl. ¶ 9 ("[Plaintiff] reasonably relied on these representations and warranties by [d]efendant . . . in deciding to purchase the [p]roduct . . . [and] he would not have purchased [it] . . . if the true facts were known.")

    C.   Class Claims

Defendant argues that the allegations in the complaint that all the putative class members relied on the representations and/or omissions in the same manner and suffered the same damages are conclusory, and that the class claims should therefore be dismissed. (Def.'s Mot. at 7-8.) The Ninth Circuit has opined that "the pleadings alone will not resolve the question of class certification and that some discovery will be warranted" and the "more advisable practice" is for the court to "afford litigants an opportunity to present evidence as to whether a class action [is] maintainable." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).

Whether or not all the putative class members similarly relied on and interpreted the representations made by defendant, or suffered the same injuries are all premature questions that defendant may instead raise at the class certification stage. See Maestas v. Wal-Mart Stores, Inc., 2:16-cv-02597-KJM, 2018 WL 1518762, at *5 (E.D. Cal. Mar. 28, 2018) (holding the same); John v. Mazo, 2:16-cv-00239, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016). Accordingly, plaintiff's complaint will not be dismissed based on this argument.

     D.    Rule 9(b)

Defendant also argues that plaintiff's fraud-based claims (1-2, 4-7, and 9-10) fail to meet the pleading standard under Rule 9(b). Plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff must allege the "who, what, where, when, and how of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations and citations omitted).

The complaint meets this heightened standard under Rule 9(b) by providing detailed allegations. Plaintiff bought defendant's FogAway product in the summer of 2021. (Compl. ¶ 9.) The complaint alleges the representations, or lack thereof, that plaintiff saw on the advertisements and labeling of FogAway. (Id.) Further, the complaint sufficiently pleads why and how defendant's representations about FogAway are false by alleging the findings from the study done on FogAway and other studies about PFAS generally. (Id. ¶¶ 2-5, 21-32.) The complaint alleges that defendant omitted or mispresented the information about PFAS so that consumers would purchase FogAway. (Id. ¶ 44.) The complaint also alleges that plaintiff relied on the representations, or lack thereof, and would have acted differently if he knew about the existence of PFAS in FogAway. (Id. ¶¶ 40, 45.)

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

9

that they can defend against the charge and not just deny that they have done anything wrong." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations and quotations omitted). Here, the complaint gives defendant notice of the particular alleged misconduct and summarizes plaintiff's allegations based on the Rule 9(b) standard. (See Compl. ¶¶ 39-45.) Accordingly, plaintiff's fraud-based claims will not be dismissed based on a failure to satisfy Rule 9(b).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 7) be, and the same hereby is, GRANTED with respect to plaintiff's claims for money had and received and negligent failure to warn (claims eight and fifteen) because he concedes them, and DENIED in all other respects.

Dated: August 4, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE